UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONTA L. GATES,

                Plaintiff,

v.                                                      Case No. 24-cv-283-pp

RACINE COUNTY and
MEND CORRECTIONAL HEALTHCARE INC., LLC,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

        Donta L. Gates, who is incarcerated at St. Croix Correctional Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On March 21, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $4.39. Dkt. No. 6. The court received a payment of $5.00 on April 25, 2024, and a payment of $4.39 on May 13, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee ($340.61) over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff sued Racine County and Mend Correctional Health Care, Inc., which is/was the contracted medical provider for Racine County and its jail facility. Dkt. No. 1 at 1-2. The plaintiff alleges that on December 31, 2020, he was confined at the Racine County Jail. Id. at 4, ¶1. Days later, he allegedly had a "screening of his medical history and vital statistics." Id. The plaintiff states that neither defendant notified him of any potential health concerns. Id.

The plaintiff alleges that he did not receive any meaningful care from the defendants' medical staff for the next eighteen months. Id. at 4, ¶2. The

plaintiff states that about eighteen months after arriving at the jail, he experienced persistent headaches; in response to his complaint, he received over-the-counter medication. Id. The plaintiff states that prior to complaining about the headaches, he did not receive an annual physical, follow-up care for the initial examination, blood labs or routine care. Id. On September 14, 2022, he allegedly was transferred out of the jail. Id. at 4-5, ¶2.

The plaintiff alleges that at a September 30, 2022 appointment at his new institution (Dodge Correctional Institution), medical staff discovered that his chronic headaches were associated with type 2 diabetes and hypertension. Id. at 5, ¶2. These conditions allegedly developed during the plaintiff's confinement at the jail. Id. The plaintiff states that he was informed that his blood glucose levels were above 10, which was nearly double what it takes to be considered diabetic and that he was "extremely hypertensive." Id. at 5, ¶3. He alleges that he was immediately placed on medication for these conditions to alleviate the potential for death, organ failure, stroke and other risks for conditions associated with these diseases. Id.

The plaintiff states that while confined at the jail under the care of the defendants, he was never notified of any concerns associated with diabetes or hypertension. Id. He alleges that he acquired the conditions while in the defendants' care and that he did not receive any care for the conditions during his twenty-one-month detainment at the jail. Id. at 6, ¶¶4-5.

The plaintiff claims that the defendants violated his constitutional rights by not providing him with any medical care for twenty-one months. Id. at 6-7,

¶1. He says that the defendants failed in their duty to mitigate the risk of death or great bodily harm by not providing him with care for twenty-one months. Id. He alleges that the defendants failed to enforce policy to prevent the misconduct that occurred. Id. at 8, ¶2. The plaintiff also asserts that the defendants failed to provide equal protection because it is his understanding that several other individuals at the jail received care for the same or similar conditions. Id. at 8-9, ¶3. For relief, the plaintiff seeks compensatory and punitive damages. Id. at 9.

    C.    Analysis

The plaintiff does not explain whether he was a pretrial detainee or a criminally convicted person during the events described in the complaint. If he was a "pretrial detainee," his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a criminally convicted incarcerated individual, his rights arise out of the Eighth Amendment. See Miranda v. County of Lake, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by incarcerated persons).

Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. James v. Hale, 959 F.3d 307, 318 (7th Cir. 2020) (citing Miranda, 900 F.3d at 352). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. Id. First, he must show that the defendants acted purposefully,

5

knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. Id. (citing McCann v. Ogle County, Ill., 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. Id.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)). An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff's allegations do not implicate his constitutional rights. If anything, he alleges negligence on the part of the medical staff who evaluated

6

him at the jail when he arrived there. He appears to allege that they did not adequately evaluate him. The plaintiff also states that he was not provided medical care for twenty-one months. But he does not allege that he requested medical care during that time. The plaintiff *does* allege that when he complained about suffering from headaches, he was seen and provided medication. The plaintiff has not stated a plausible claim for violation of his constitutional rights based on deficient medical care.

The plaintiff has sued Racine County and Mend Correctional Healthcare, Inc., which he says is the jail's medical care provider. A local governing body, such as Racine County, may be liable for monetary damages under §1983 if the unconstitutional act complained of is caused by (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority. Monell v. Dep't of Social Services of New York, 436 U.S. 658, 690 (1978); Valentino v. Vill. of S. Chi. Heights, 575 F.3d 664, 674 (7th Cir.2009). A private corporation may be liable under Monell if a "municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)[.]" Thomas v. Martija, 991 F.3d 763, 773 (7th Cir. 2021) (quoting Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 379 (7th Cir. 2017)). To prove that the corporation itself inflicted the harm, the plaintiff may show that (1) the alleged unconstitutional conduct implements or executes an official policy adopted by the entity's officers, (2) the unconstitutional action was done pursuant to a custom, or (3) an actor with final decision-making authority

7

within the entity adopted the relevant policy or custom. Id. at 773-74 (citing Monell, 436 U.S. at 690-91, 694). The plaintiff has not stated a claim against the defendants because he has not alleged that the alleged unlawful actions were based on a policy or custom or caused by someone with final decision-making authority.

The court will give the plaintiff an opportunity to file an amended complaint. The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list in the caption of the amended complaint all the defendants he wants to sue. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal

8

language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **November 29, 2024**. If the court receives an amended complaint by the end of the day on November 29, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the end of the day on November 29, 2024, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$340.61** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the

9

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Superintendent at St. Croix Correctional Center, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institutio, and Oshkosh Correctional Institution.

Clerk of Court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 23rd day of October, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**