DONTA L. GATES,

                Plaintiff,

v.                                                  Case No. 24-cv-283-pp

RACINE COUNTY and
MEND CORRECTIONAL HEALTHCARE, INC., LLC,

                Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 14) AND DISMISSING CASE**

Plaintiff Donta L. Gates, who is representing himself, was incarcerated when he filed this case alleging violations of his constitutional rights when he was confined at the Racine County Jail. The court screened the complaint and determined that it did not state a claim. Dkt. No. 9 at 9. The court gave the plaintiff an opportunity to file an amended complaint; he did, dkt. no. 14, and this order screens that amended complaint.

**I.    Screening the Amended Complaint**

    **A.**    <u>Federal Screening Standard</u>

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

1

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less
2

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Amended Complaint's Allegations

As he did in the original complaint, the plaintiff has sued Racine County and Mend Correctional Health Care, Inc. Dkt. No. 14 at 1. The plaintiff alleges that on December 31, 2020, he was confined at the Racine County Jail as a pretrial detainee under the custody and care of the defendants. Id. at 2 ¶5. He states that while in pretrial custody for twenty-one months, he was not provided any meaningful medical care or assessment except when he entered the jail and when he complained of severe headaches about eighteen months after he entered the jail. Id.

The plaintiff alleges that when he transferred to Dodge Correctional Institution, he learned that his headaches were a symptom of Type II diabetes, which he developed at the jail. Id. During a medical appointment on September 30, 2022, the plaintiff allegedly was informed that his blood glucose level was "above 10; scaled at nearly double the normal level." Id. He states that he was also informed that he was "extremely hypertensive; conditions he never had until he entered the care of the Defendants." Id. The providers at the plaintiff's new facility allegedly equated his new medical conditions as a "stroke waiting to happen" or "a ticking time bomb[.]" Id. The plaintiff alleges that the providers "immediately placed [him] on diabetic medication and meds for hypertension; this preventing the potential for literal death or stroke, organ failure, and other damage associated with these serious conditions." Id.

3

The plaintiff alleges that the defendants did not assess him or treat him for diabetes or hypertension. Id. He says that he was unaware of the severity of the untreated conditions he developed while at the jail. Id.

The plaintiff claims that the defendants violated his constitutional right to reasonable and adequate health care while in pretrial detainment. Id. at page 2. He claims that the "reckless and purposeful disregard of [his] health and safety created a real risk to death and great bodily harm." Id. He also claims that a reasonable defendant would have recognized the seriousness of inaction or lack of treatment, and the defendants had the ability to treat his conditions. Id. at 2-3. According to the plaintiff, the defendants' failure to assess or treat his conditions during his twenty-one months at the jail "is a complete break from any protections the Defendants had in place, making policy, practice, or widespread customs all-the-more callous, reckless, and unreasonable[.]" Id. The plaintiff states that the defendants' failure to provide medical care for him through their "employees, officials, representatives, and/or individuals with final decision-making authority, and via indifference of its policy, practices, and/or widespread customs, created a substantial, unreasonable and substantial risk to death and/or harm to the Plaintiff, through a lapse in the continuity of care practices of its medical staff." Id. at pages 1-2 ¶¶2-3.

For relief, the plaintiff seeks compensatory damages, punitive damages and declaratory relief. Id. at page 3.

C. <u>Analysis</u>

Claims of inadequate medical care while in pretrial detention are subject to an objective reasonableness standard. <u>James v. Hale</u>, 959 F.3d 307, 318 (7th Cir. 2020) (citing <u>Miranda v. County of Lake</u>, 900 F.3d 335, 352 (7th Cir. 2018)). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a two-part showing. <u>Id.</u> First, he must show that the defendants acted purposefully, knowingly or recklessly when considering the consequences of their response to the medical condition at issue in the case. <u>Id.</u> (citing <u>McCann v. Ogle County, Ill.</u>, 909 F.3d 881, 886 (7th Cir. 2018)). Second, the plaintiff must show that the challenged conduct was objectively unreasonable given the totality of the relevant facts and circumstances. <u>Id.</u>

The plaintiff's allegations do not state a claim for violation of his constitutional rights. As the court stated in the order screening the original complaint, if anything, the plaintiff alleges negligence on the part of the medical staff who evaluated him at the jail when he arrived there. The plaintiff appears to allege that staff did not adequately evaluate him. He also states that he was not provided medical care for twenty-one months. But the plaintiff does not allege that he requested medical care during that time. And he alleges that when he complained about suffering from headaches, he *was* seen and provided medical care. The plaintiff has not stated a plausible claim for violation of his constitutional rights based on deficient medical care.

Even if the plaintiff's allegations did state a plausible claim for violation of his constitutional rights, he has not sued defendants who allegedly violated his rights. The plaintiff sued Racine County and Mend Correctional Healthcare, Inc., the jail's medical care provider. As the court stated in its prior order, a local governing body, such as Racine County, may be liable for monetary damages under §1983 only if the unconstitutional act complained of is caused by (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority. Monell v. Dep't of Social Services of New York, 436 U.S. 658, 690 (1978); Valentino v. Village of South Chicago Heights, 575 F.3d 664, 674 (7th Cir. 2009). A private corporation may be liable under Monell if a "municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)[.]" Thomas v. Martija, 991 F.3d 763, 773 (7th Cir. 2021) (quoting Glisson v. Ind. Dep't of Corr., 849 F.3d 372, 379 (7th Cir. 2017)). To prove that the corporation itself inflicted the harm, the plaintiff may show that (1) the alleged unconstitutional conduct implements or executes an official policy adopted by the entity's officers, (2) the unconstitutional action was done pursuant to a custom, or (3) an actor with final decision-making authority within the entity adopted the relevant policy or custom. Id. at 773-74 (citing Monell, 436 U.S. at 690-91, 694).

The plaintiff has not argued that his alleged lack of medical care stemmed from the jail's policy or custom; he alleges that the deficient care he

6

Case 2:24-cv-00283-PP    Filed 05/30/25    Page 6 of 8    Document 16

received was *contrary to* jail policy. He has not stated a claim against the defendants.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for habeas corpus relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of May, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**